UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JUAN SOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00292-JPH-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In this medical negligence action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1) & 2671-80, the defendant United States of America moves for summary judgment on plaintiff Juan Solis's claim that Federal Bureau of Prisons medical providers delayed treatment for, and improperly treated, his throat infection while he was incarcerated at the Federal Correctional Institution in Terre Haute, Indiana (FCI Terre Haute). Mr. Solis has responded in opposition to the motion. For the reasons explained below, the United States's motion, dkt. [31], is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact

being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II. Material Facts Not in Dispute

During all times relevant to this lawsuit, July 2017 through April 2018, Mr. Solis was incarcerated at FCI Terre Haute. Dkt. 31-1, ¶ 3; dkt. 39, pp. 1-2. On July 3, 2017, Mr. Solis sought medical treatment for throat pain. Dkt. 31-6, p. 16; dkt. 39, p. 3. A culture was obtained from Mr. Solis's throat and sent for testing. *Id.* On July 8, 2017, the results of the culture testing were returned that reported "heavy growth" of bacteria Klebsiella oxytoca and Citrobacter freindii. Dkt. 36-1, p. 30. FCI Terre Haute medical staff prescribed Cipro, an antibiotic, for Mr. Solis. *Id.*, p. 25.

When Mr. Solis completed the course of his Cipro prescription on July 25, 2017, he returned to the medical staff for a follow-up examination. *Id.*, p. 24. Another culture swab was

2

obtained which, on July 29, 2017, was reported to show heavy growth of Serratia marcescens and moderate growth of Enterobacter cloacae, both types of bacteria. *Id.*, p. 29. On July 31, 2017, a second course of Cipro was prescribed, to be administered from the "pill line to assure compliance." *Id.*, p. 23.

Before the second round of Cipro was completed, Mr. Solis requested another throat culture. *Id.*, p. 20. The third swab of Mr. Solis's throat was taken on August 21, 2017, and testing showed heavy growth of the bacteria Acinetobacter lwoffii and Pseudomonas aeruginosa. *Id.*, p. 28. Because of the third throat culture testing results, FCI Terre Haute medical staff on August 29, 2017, started Mr. Solis on the antibiotic Levaquin, took another throat swab, ordered a sinus x-ray, and referred him to an "ENT" (an "ear, nose, and throat" physician). *Id.*, p. 19. The testing of the fourth throat swab (taken August 29) reported heavy growth of the bacteria Serratia marcescens and Pseudomonas aeruginosa. *Id.*, p. 27.

On November 11, 2017, Mr. Solis believed that "things were crawling around in his throat." *Id.*, p. 11. But a medical examination found nothing irregular. *Id.* Even so, another throat culture was taken that, after testing, revealed "heavy growth" of Serratia marcescens "at 48 hours." *Id.*, p. 14. Before those test results were reported, Mr. Solis on November 13, 2017, again sought medical attention and reported the earlier sensation of something moving in his throat. *Id.*, p. 10. The medical staff noted on Mr. Solis's records that he had an appointment with an ENT "due to recurrent throat infections that are unresponsive to regular antibiotic treatment." *Id.*

The medical staff made an entry on Mr. Solis's medical records on November 27, 2017, that stated "Upon review of the latest throat culture – inmate still with heavy growth of serratia marcescens in his throat. Unresponsive to previous ABX [antibiotics]. Inmate has an ENT appointment pending. To treat with Levaquin 500mg daily at noon until seen by ENT." *Id.*, p. 9.

3

Four days later Mr. Solis reported a sore throat to medical staff and said that he felt "burning in his throat and stomach." *Id.*, p. 8. Medical staff reminded him that he was receiving an antibiotic for his throat and had an appointment pending with an outside ENT. *Id.* They also gave him antacid for the burning sensation. *Id.*

The ENT, an otolaryngologist, assessed Mr. Solis on January 11, 2018, and diagnosed him with chronic pharyngitis. *Id.*, pp. 15-18. He prescribed an injection of triamcinolone acetonide to treat the condition. *Id.* Two weeks later Mr. Solis asked the prison medical staff to take another swab of this throat to "make sure I'm clear." *Id.*, p. 7. But the test results showed "heavy growth [of] Enterobacter aerogenes at 48 hours." *Id.*, p. 13. On February 2, 2018, medical staff ordered another round of Cipro for Mr. Solis's throat infection. *Id.*, p. 6.

On February 20, 2018, Mr. Solis self-reported to the medical staff and asked for another throat culture test. *Id.*, p. 5. Other than asking for the test, Mr. Solis did not report additional symptoms or make complaints about his throat. *Id.*

Mr. Solis missed a scheduled sick call appointment with medical staff on March 12, 2018. *Id.*, p. 4. On March 27, 2018, Mr. Solis reported to medical staff that his throat problem was "persisting." *Id.*, p. 3.

On April 27, 2018, Mr. Solis saw medical staff again and told them that he had "intermittent sore throats for about 1 year." *Id.,* p. 1. Medical staff reported they did not see any signs of a bacterial infection, they decided to perform another throat culture and follow-up accordingly. *Id.*, p. 2. This throat culture reported "normal throat flora" in Mr. Solis's throat. *Id.*, p. 12.

In Mr. Solis's deposition taken June 21, 2019, he testified that he did not have any medical education. Dkt. 31-7. Mr. Solis testified that he has not obtained any independent expert (medical)

4

opinion that the treatment he received for his throat between July 2017 and April 2018 was deficient or negligent. *Id.*

Mr. Solis admits that he does not have any evidence that the treatment of his throat was negligent or deficient other than his own opinion. *Id.* The defendant's physician expert, a doctor on the medical staff at FCI Terre Haute, who has treated Mr. Solis in the past, reviewed the medical history and provided a conclusion that has not been rebutted with evidence by Mr. Solis:

> The care administered by FCI Terre Haute was medically appropriate and within the standard of care in a primary care setting. There was no delay in treatment. Mr. Solis was evaluated on multiple occasions, during which appropriate tests were ordered, performed, and reviewed, in order to assess his concerns regarding the condition of his throat. Mr. Solis also received several prescriptions for his alleged throat issues. There was no delay in those treatments, nor were they insufficiently intense or aggressive.

Dkt. 31-9, p. 4 (affidavit of Dr. William E. Wilson).

Dr. Wilson's conclusions are supported by an outside expert, Dr. Tracey R. Ikerd. Dr. Ikerd is the medical director of infection control at two Indianapolis area hospitals and a health system. He has practiced medicine and published articles for 29 years. Dr. Ikerd reviewed Mr. Solis's medical records and administrative complaints and his expert opinion is that "[t]here was no deficiency with respect to the persistence or aggression of the treatment provided to Mr. Solis by FCI Terre Haute medical staff . . . ." Dkt. 31-8, p. 4.

### III. Discussion

The United States asserts that Mr. Solis cannot meet his burden of proof in a negligence—medical malpractice—claim because he has no expert evidence to support his personal beliefs and conclusions. Dkt. 32, p. 14. Mr. Solis responds not with evidence, but with the argument that he does not need an expert because the issues are not too complex for laymen and the negligence is obvious. Dkt. 39, pp. 2, 7-8.

In an FTCA case, the law of the state in which the tort is alleged to have occurred governs. 28 U.S.C. § 1346(b)(1). While Mr. Solis asserts his action is a simple negligence claim and not a medical malpractice claim, there is no practical difference in this case. To show negligence under Indiana law, it is Mr. Solis's burden to demonstrate: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. *See Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007); *French v. State Farm Fire & Cas. Co.*, 881 N.E.2d 1031, 1039 (Ind. Ct. App. 2008); *see also Perkins v. Lawson*, 312 F.3d 872, 876 (7th Cir. 2002).

Mr. Solis's medical malpractice claims, which are a subset of negligence law, are also governed by Indiana law. In a medical malpractice case, to show a breach of duty, "expert medical testimony is usually required to determine whether a physician's conduct fell below the applicable standard of care." *Bader v. Johnson*, 732 N.E.2d 1212, 1217-18 (Ind. 2000); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 753 (7th Cir. 2004) ("[U]nder Indiana law a prima facie case in medical malpractice cannot be established without expert medical testimony."). "This is generally so because the technical and complicated nature of medical treatment makes it impossible for a trier of fact to apply the standard of care without the benefit of expert opinion on the ultimate question of breach of duty." *Bader*, 732 N.E.2d at 1217-18. Expert testimony is required unless, as Mr. Solis contends, the defendant's conduct is "understandable without extensive technical input" or "so obviously substandard that one need not possess medical expertise to recognize the breach." *Gipson v. United States*, 631 F.3d 448, 451 (7th Cir. 2011). If the plaintiff fails to provide such evidence, then "there is no triable issue" and defendant is entitled to summary judgment as a matter of law. *Culbertson v. Mernitz*, 602 N.E.2d 98, 104 (Ind. 1992); *Kerr v. Carlos*, 582 N.E.2d 860, 863 (Ind. App. 1991).

"Unless satisfied by the rule of *res ipsa loquitur*, a medical malpractice plaintiff is ordinarily required to present expert opinion that a defendant health care provider's conduct fell below the applicable standard of care. Medical negligence is thus not generally a conclusion that may be reached by [the trier of fact] without such an expert opinion among the evidence presented. Such expert opinion takes on the character of an evidentiary fact in medical malpractice cases." *Chi Yun Ho v. Frye*, 880 N.E.2d 1192, 1201 (Ind. 2008) (internal quotations omitted). Contrary to Mr. Solis's assertions, this is indeed a case that requires an expert opinion. The "technical and complicated nature of [the] medical treatment" provided or not provided for the five different bacteria found to be growing in Mr. Solis's throat, the propriety of the antibiotics provided, and the time in between treatments is not something a trier of fact could determine without expert guidance. *See Bader*, 732 N.E.2d at 1217-18. The United States has submitted two expert opinions that its standard of care was *not* a departure from the Indiana standard of care. Dkts. 31-8 & 31-9. These opinions are unrebutted because Mr. Solis has failed to set forth an expert opinion in support of what the standard of care should have been and how the medical staff's treatments fell below that standard. Pursuant to the Indiana authorities cited above, the United States is entitled to summary judgment against Mr. Solis.

As a final note, the Court has set out in detail the chronology of Mr. Solis's treatment as set forth by the United States and unrebutted by Mr. Solis. No trier of fact could assess the multiple treatments, culture tests, antibiotic treatments, and referral to an outside expert and conclude that negligence or malpractice was apparent on its face. *See Gipson*, 631 F.3d at 451 (quoting *Narducci v. Tedrow*, 736 N.E.2d 1288, 1293 (Ind. Ct. App. 2000); *see also Harris v. Raymond*, 715 N.E.2d 388, 394 (Ind.1999). For that reason, an expert opinion would be critical to prevail on a negligence/malpractice claim.

## IV. Conclusion

The defendant United States of America's July 22, 2019, motion for summary judgment, dkt. [31], is **GRANTED**. Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 6/1/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Juan Solis
44280-424
Cumberland Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Cumberland, MD 21501

Julian Clifford Wierenga
United States Attorney's Office (Indianapolis)
julian.wierenga@usdoj.gov